**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> MARCY MERMEL, MICHAEL MERMEL, And UNKNOWN EXECUTOR OR ADMINISTRATOR OF THE ESTATE OF ETHEL MERMEL <br><br> Defendants. | ) ) ) ) ) CASE NO.: ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT FOR INTERPLEADER

Plaintiff Transamerica Life Insurance Company ("Transamerica"), by and through its attorneys, Elizabeth G. Doolin and Ridhi D. Madia of Chittenden, Murday & Novotny LLC, states as follows for its Complaint for Interpleader pursuant to 28 U.S.C. § 1335:

### I. PARTIES

1. Plaintiff, Transamerica Life Insurance Company ("Transamerica"), is and was at all relevant times hereto incorporated and organized in the state of Iowa, with its principal place of business in Cedar Rapids, Linn County, Iowa, and not the state of Illinois. Transamerica conducts and transacts insurance business within the State of Illinois, and it is properly licensed with the Illinois Department of Insurance to conduct insurance business in the State of Illinois.

2. Defendant, Marcy Mermel ("Marcy") resides in Hot Springs Village, Garland County, Arkansas, and is a Citizen of the State of Arkansas.

3. Defendant, Michael Mermel ("Michael") resides in Antioch, Lake County, Illinois, and is a Citizen of the State of Illinois.

4. Ethel Mermel, deceased, resided in Antioch, Lake County, Illinois at the time of her death. Defendant, the Unknown Executor or Administrator of the Ethel Mermel Estate (the "Estate"), is therefore domiciled in Antioch, Lake County, Illinois.

## II.   JURISDICTION

5. This is a Complaint for Interpleader brought pursuant to 28 U.S.C. § 1335 as there is minimal diversity between two of the defendants and the amount in controversy is greater than $500.

6. Venue is proper under 28 U.S.C. § 1397 in that one or more of the defendants reside(s) in this District.

## III.   CLAIM FOR RELIEF

7. Transamerica issued a Flexible Premium Deferred Annuity, Policy No. 07-02RPF090576 (the "Annuity"), to Ethel Mermel ("Ethel") as the Annuitant and Owner (the "Owner"), with a Policy Date of December 18, 2004, an Annuity Commencement Date of October 13, 2022, and an initial gross periodic premium amount of $20,000.

8. The Annuity provides in pertinent part as follows:

> B. Death Prior to Annuity Commencement Date
> Death proceeds are payable contingent upon the relationships between the owner, annuitant, surviving joint owner, and beneficiary as outlined below. The policy must be surrendered upon settlement or on proof of death.

  I. Annuitant and owner are the same.

When we have due proof that the owner died before the Annuity Commencement Date, we will provide the Death Benefit to the beneficiary.

a)  Beneficiary is the deceased owner's surviving spouse. The beneficiary may elect to continue this policy rather than receiving the Death Benefit. If this beneficiary elects to have the death proceeds paid, the death proceeds must be distributed:
(1) by the end of 5 years after the date of the deceased owner's death, or
(2) payments must begin no later than one year after the deceased owner's death and must be made for a period certain or for this beneficiary's lifetime, so long as any period certain does not exceed this beneficiary's life expectancy.

b)  Beneficiary is not the deceased owner's surviving spouse. The death proceeds must be distributed as provided in 1.a)(1) or 1.a)(2) above.

9.  The Annuity also provides in pertinent part as follows:

**Payee**
Unless you specify otherwise, the payee shall be the annuitant, or the beneficiary as specified in the Beneficiary provision.

10.  The Application for the Annuity lists "Ethel Mermel" as the Annuity's "PRIMARY OWNER" and "ANNUITANT," "Marcy G. Mermel," "Marc Mermel," and "Michael Mermel" were designated as the Annuity's primary beneficiaries. "Marcy G. Mermel" was designated to receive a 34 percent share of the Death Benefit, "Marc Mermel" was designated to receive a 33 percent share of the Death Benefit, and "Michael Mermel" was designated to receive a 33 percent share of the Death Benefit.

11.  On May 24, 2011, Transamerica received an Annuity Policy Change Form for the Annuity, purporting to bear the Owner Ethel's signature, dated May 20, 2011, listing

3

"Marcy Mermel," Ethel's daughter, as the primary beneficiary, and "Michael Mermel," Ethel's son, as the contingent beneficiary. The beneficiary percentage shares were not listed. Transamerica confirmed the beneficiary designation change by letter to Ethel dated May 24, 2011.

12. On June 26, 2020, Transamerica sent a letter to Ethel confirming, based on information it received from the United States Postal Service, that Ethel's address had changed to a residence in Antioch, Illinois.

13. In July of 2020, Transamerica received an Annuity Withdrawal Form, purporting to bear the Owner Ethel's signature, dated July 3, 2020, requesting a "Full Surrender" of the Annuity (hereinafter known as the "Surrender Request"). At the time it received the Surrender Request, Ethel was 92 years old.

14. On or around July 22, 2020, Transamerica received a hand-written note, purportedly signed by Ethel, on a copy of the June 26, 2020 letter Transamerica sent to Ethel regarding her change of address, which handwritten note requested a check for the full amount of the Annuity be mailed to the new address.

15. On August 4, 2020, given the address changes and in order to verify the Surrender Request, Transamerica sent Ethel a letter at her new address requesting that she provide a signed physician's statement, on the physician's letterhead, indicating that she was competent to act and make financial decisions on the Annuity.

16. On or shortly after August 21, 2020, Transamerica received a letter from Michael, dated August 21, 2020, notifying Transamerica that Ethel was an invalid, that Michael was Ethel's "general power of attorney" as of July 27, 2020, advising of his belief

4

that Marcy was improperly interfering with the handling of the Annuity, and directing Transamerica to liquidate the Annuity.

17. On August 23, 2020, the Owner Ethel died.

18. On August 24, 2020, Marcy informed Transamerica of Ethel's death via telephone.

19. On August 31, 2020, Transamerica sent a letter to the Estate, with Michael and Marcy carbon copied, notifying all parties that due to an apparent dispute between Michael and Marcy, Transamerica was requesting a Settlement Agreement, court order, or notarized joint instruction from both Michael and Marcy confirming the disposition of the Annuity.

20. On or shortly after September 8, 2020, Transamerica received a Non-Qualified Annuity Claimant's Statement, dated September 8, 2020, and a copy of Ethel's death certificate from Marcy.

21. On January 11, 2021, Transamerica sent Michael and Marcy a letter inquiring whether the parties had settled their dispute.

22. On January 19, 2021, Michael notified Transamerica that he was still contesting the claim.

23. On February 22, 2021, Transamerica sent a letter to Michael and Marcy, requesting that Michael and Marcy provide a Letter of Testament naming the executor of the Owner's Estate. Transamerica never received a response.

24. At this time, a dispute exists between Marcy and Michael as to the disposition of the Annuity as between Michael, Marcy and Ethel's Estate.

25. By reason of death of the Ethel, Transamerica admits its contractual liability under the Annuity in the amount of $28,000, plus any applicable interest thereon.

26. Due to competing claims for the death benefit, Transamerica cannot discharge its admitted liability under the Annuity without exposing itself to multiple litigations, multiple liabilities, or both.

27. Contemporaneously with the filing of this Complaint, Transamerica seeks leave of court to deposit the death benefit in the amount of $28,000 plus interest with the Clerk of the Court pending further order of this Court.

28. Transamerica is a disinterested stakeholder and claims no interest in the death benefit of the Annuity and is indifferent as to which of the Defendants is entitled to those amounts. Justice and equity dictate that Transamerica should not be subject to the disputes, or potential disputes, between Defendants. Thus, Transamerica respectfully requests that this Court order Defendants to litigate all matters relevant to the Annuity among themselves and that the Court dismiss and discharge Transamerica from all further proceedings.

**WHEREFORE**, Plaintiff, Transamerica Life Insurance Company, prays this Honorable Court enters an order granting it the following relief:

    A. Granting Transamerica leave to deposit its admitted liability, representing the death benefit claim under the Annuity plus applicable interest, with the Clerk of the Court, pending further order of this Court;

    B. Enjoining Defendants, Marcy Mermel, Michael Mermel, and the Estate, and each of them, during the pendency of this case, from commencing or prosecuting any proceeding or claim against Transamerica in any state or federal court arising out of or related to the Annuity and that said injunction issue without bond or surety;

    C. Granting judgment to Transamerica and declaring that Transamerica has no

> further liability to Defendants, Marcy Mermel, Michael Mermel, and the Estate or to any of them, or to any person or entity claiming through them, for the death benefit of the Annuity;

D. Finding that Transamerica has acted in good faith by interpleading its admitted liability under the Annuity with the Clerk of the Court;

E. Finding that Defendants, Marcy Mermel, Michael Mermel, and the Estate, and each of them, upon entry of final order or judgment in this case, are collaterally estopped from commencing or prosecuting any proceeding or claim against Transamerica in any state or federal court or other forum arising out of or related to the Annuity;

F. Excusing Transamerica from further attendance in this cause, ordering the Defendants to litigate their claims and contentions concerning the Annuity without further involving Transamerica, and dismissing Transamerica from this cause with an express finding under Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delaying either enforcement or appeal of the interpleader judgment;

G. Awarding Transamerica its actual fees and court costs incurred in connection with prosecuting this Complaint for Interpleader, with such fees and costs to be deducted from the amount deposited with the Court; and

H. Granting Transamerica such further and other relief as this Court deems just and appropriate.

Dated: **September 3, 2021**.     Respectfully submitted,

                         **TRANSAMERICA LIFE**
                         **INSURANCE COMPANY**


                         By: s/ Ridhi D. Madia
                               One of its Attorneys

Elizabeth G. Doolin (IL #6210358)
Ridhi D. Madia (IL #6334462)
CHITTENDEN, MURDAY, & NOVOTNY LLC
303 W. Madison St., Suite 2400
Chicago, IL 60601
(312) 281-3600

edoolin@cmn-law.com
rmadia@cmn-law.com

*One of the Attorneys for Plaintiff*
*Transamerica Life Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2021, I electronically filed the foregoing **COMPLAINT FOR INTERPLEADER** herein with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system. I further certify that a copy of the foregoing **COMPLAINT FOR INTERPLEADER** was sent on September 3, 2021 via U.S. Mail postage prepaid and properly addressed to the following non-CM/ECF participants:

Marcy Mermel
15 Zafiro Way
Hot Springs Village, AR 71909
mgmermel@msn.com
312-925-2020

Michael Mermel
26836 W. Wilmot Rd
Antioch, IL 60002
847-309-5073
mikemermel468@gmail.com

Unknown Executor of the
Ethel Mermel Estate, Deceased
26836 W. Wilmot Rd
Antioch, IL 60002

/s/ Ridhi D. Madia